UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER RELATING TO APPLE ACCOUNT ASSOCIATED WITH tom92109@gmail.com ("**SUBJECT ACCOUNT 4**") | UNDER SEAL No. 22 M 60147 (22 GJ 629) Hon. Rebecca R. Pallmeyer Chief Judge |

**APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)
RELATING TO SUBJECT ACCOUNT 4**

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Apple Inc., an email service provider headquartered in Cupertino, California, to disclose certain records and other information pertaining to an account believed to be used by THOMAS STEFFENS, as described in Part I of Attachment A, which is associated with the email address tom92109@gmail.com ("**Subject Account 4**"). The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

LEGAL BACKGROUND

1.    Apple Inc. is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require Apple Inc. to disclose the items described in Part II of Attachment

A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2.      This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

3.      A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation."  18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4.      Homeland Security Investigations ("HSI") is investigating allegations that THOMAS STEFFENS has received and possessed child pornography depicting lascivious exhibition of the genitals of prepubescent children, as well as sexual intercourse and masturbation involving prepubescent children, in violation of Title 18, United States Code, Sections 2252 and 2252A.  HSI is also investigating allegations that STEFFENS has created and distributed sexualized images of a female toddler ("Minor A"), some of which depict Minor A in states of undress.

5.     As described below, HSI has identified STEFFENS as the suspected user of an Apple account associated with the email address tom92109@gmail.com (**Subject Account 4**).

6.     There is reasonable suspicion to believe that the information described in Part II of Attachment A, concerning the use of **Subject Account 4**, will assist in proving STEFFENS' receipt and possession of child pornography, as well as proving that that receipt and possession was done knowingly.

7.     In summary: On or about June 20 and June 22, 2022, Yahoo Inc. submitted two Cyber Tips to the National Center for Missing and Exploited Children ("NCMEC"). Both tips related to suspected child pornography sent or received by a user of Yahoo email account nam68phuloi@yahoo.com ("Subject Account 2"). The Cyber Tips identified the suspected user of the Yahoo account ("Individual A") and his/her suspected address in Cincinnati, Ohio.

8.     The Cyber Tips together identified approximately 21 emails that had been sent or received by Subject Account 2 and that contained one or more images of suspected child pornography. Of these, approximately 15 emails had been exchanged with the account jamesrp1965@gmail.com ("Subject Account 1").

9.     On or about June 23, 2022, law enforcement executed a search warrant on the residence of Individual A in Cincinnati. Individual A was read his/her *Miranda* rights and consented to an interview. During the interview, Individual A admitted that s/he had traded child pornography with an individual who used Subject Account 1, whom Individual A referred to as "James." Law enforcement showed

Individual A certain images received from the Yahoo Cyber Tip that NCMEC had flagged as unfamiliar and as potentially new content involving previously unidentified victims. The images appeared to depict a prepubescent girl. Individual A identified the images as pictures Individual A had received from "James." According to Individual A, "James" said that he had taken the pictures, and that the young girl shown is his female relative (Minor A).

12.    The Cyber Tips documented and attached numerous images of suspected child pornography exchanged between Individual A and Subject Account 1. For example, on or about June 18, 2022, Subject Account 1 received an email from Individual A with an attachment bearing file name "1356035.jpg." According to investigators, the attachment is a photograph that appears to depict a nude, prepubescent female, sitting with her legs open and genitals displayed. According to NCMEC, the MD5 hash of the image revealed the child to be an identified minor victim.

13.    In addition, according to the first Cyber Tip, on or about September 21, 2019, Subject Account 1 sent two emails to Individual A, each with the subject line, "enjoy." The emails each contained an attached image, entitled "[first name of Minor A]197.JPG" and "[first name of Minor A]199.JPG," respectively. The former is an image of a prepubescent toddler, Minor A, in which the hand of an older white male is lifting the child's shirt and exposing her nude chest and nipple. The latter is an image of the same child (so identified because she is wearing the same outfit), in

which the child's pants are pulled down, displaying her nude buttocks. Exif data for each of those images shows that they were taken with an iPhone X.

10.     Law enforcement traced Subject Account 1 to STEFFENS. On or about July 1, 2022, law enforcement executed a search warrant on STEFFENS' residence. During the execution of the search warrant, law enforcement encountered STEFFENS, who was read his *Miranda* rights, signed a waiver of rights form, and agreed to speak with law enforcement. The interview was audio-recorded.

14.     STEFFENS stated, among other things, that he used an e-mail account "james something at gmail" to communicate with Individual A. After the interview concluded, but while the premises search remained ongoing, law enforcement asked STEFFENS if the email address he used was Subject Account 1, and STEFFENS confirmed that it was. STEFFENS stated that he used Subject Account 1 specifically to communicate with Individual A and to play sexual games with his spouse. STEFFENS also stated that he uses a different e-mail address (tom92109@gmail.com, the email address associated with the Apple Account at issue here, for **Subject Account 4**) for day-to-day communications.

15.     STEFFENS added that he had been communicating with Individual A for approximately two to three years, and that Individual A had sent STEFFENS child pornography. STEFFENS said that he understood "child pornography" to be someone under eighteen years old who was naked or in a sexual act.

16.     Law enforcement showed STEFFENS a printed copy of the image bearing the name "1356035.jpg," which, as described above, appears to depict a nude,

prepubescent female, sitting with her legs open and genitals displayed. STEFFENS stated that he recognized "1356035.jpg" as an image that he had received from Individual A. Law enforcement conducting the interview annotated the printed copy of the image with words to the effect of, "yes – recognized," and STEFFENS initialed that annotation.

17. Law enforcement showed STEFFENS the image entitled "[first name of Minor A]197.JPG." STEFFENS identified the child in the image as Minor A. STEFFENS admitted to taking the picture and wrote on the printed copy words to the effect of, "I took pic," and signed his name. STEFFENS identified the male hand visible in the image as his own hand.

18. Law enforcement showed STEFFENS a printed copy of the image entitled "[first name of Minor A]199.JPG." STEFFENS identified the child in the image as Minor A. STEFFENS admitted to taking the picture and wrote on the printed copy words to the effect of, "I took pic," and signed his name.

19. While the investigation of STEFFENS remains ongoing, the following evidence provides reasonable suspicion to believe that the information described in Part II of Attachment A, concerning the use of **Subject Account 4**, will assist in proving STEFFENS' receipt and possession of child pornography, as well as proving that that receipt and possession was done knowingly:

a. As noted above, Exif data for the semi-nude photographs that STEFFENS admits he took of Minor A shows that they were taken with an iPhone X.

b.       During execution of the search warrant, an iPhone 12 was seized from STEFFENS, which he indicated to law enforcement was his personal cell phone. Also seized were an iPad and an iMac desktop computer.

c.       Records from Google indicate that STEFFENS last accessed Subject Account 1—which STEFFENS told law enforcement he used only for communicating with Individual A and for playing sexual games with his spouse— from an Apple mobile device, on which the Gmail email application was installed. Google records further indicate that STEFFENS may have accessed Subject Account 1 exclusively via an Apple mobile device from November 2021 through June 2022. During that timeframe, Cyber Tip records reveal that Subject Account 1 received child pornography from Individual A.

d.       While the search of STEFFENS' seized iPhone 12 remains ongoing, law enforcement has identified a Dropbox application installed on the phone, which allows for document and photo-sharing.  Law enforcement has identified a photograph titled "[first name of Minor A] panties.jpg" saved on the Dropbox application within STEFFENS' iPhone.  The picture appears to depict Minor A sitting on a chair with her knees spread, revealing her underwear.

e.       The search of STEFFENS' iPhone 12, as well as records previously received from Apple Inc., indicate that STEFFENS' Apple account (*i.e.*, **Subject Account 4**) is associated with the email address tom92109@gmail.com, an email address that STEFFENS identified as belonging to him.

<u>REQUEST FOR ORDER</u>

20.     The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to (1) understand the degree to which STEFFENS has used his iCloud account to back up and save sexual images of children, which will help to establish that his receipt of child pornography was done knowingly, and (2) assist law enforcement in seeking further orders or warrants from this Court, as needed, to obtain information from that iCloud account. Accordingly, the United States requests that Apple Inc. be directed to produce all items described in Part II of Attachment A to the proposed Order.

21.     The United States further requests that the Order require Apple Inc. not to notify any person, including the subscribers or customers of the account listed in Part I of Attachment A, of the existence of the Order for the period through and including July 22, 2023. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.* In this case, such an order would be appropriate because the attached court order relates to an ongoing criminal investigation the full extent of which is neither public nor known to all subject(s) or target(s) of the investigation, and its disclosure may alert

subject(s) or target(s) to details of the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the attached court order will seriously jeopardize the investigation or unduly delay a trial, including by giving subject(s) or target(s) the opportunity to cause the destruction of or tampering with evidence.

22. The United States further requests that the Court order that this application and any resulting order be sealed through and including July 22, 2023. As explained above, these documents discuss an ongoing criminal investigation, the full extent of which is neither public nor known to all subject(s) or target(s) of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By: */s/ Michelle Parthum*
Michelle Parthum
Assistant United States Attorney
219 S. Dearborn Street
Chicago, Illinois 60604
(312) 886-1317

Dated: July 22, 2022

## ATTACHMENT A

### I.     The Account

The Order applies to certain records and information pertaining to an account controlled and serviced by Apple Inc. at One Apple Park Way in Cupertino, California. The account (**Subject Account 4**) is associated with the email address tom92109@gmail.com.

### II.     Records and Other Information to Be Disclosed

Apple Inc. is required to disclose the following records and other information, if available, to the United States for each account or identifier listed in Part I of this Attachment ("Account"), for the time period September 6, 2019 through July 1, 2022, regardless of whether such information is located within or outside of the United States:

A.     <u>The following information about the customers or subscribers of the Account</u>:

1.     Names (including subscriber names, user names, and screen names);

2.     Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

3.     Local and long-distance telephone connection records (including records of text messages sent and received);

4.     Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

      5.    Length of service (including start date) and types of service utilized;

      6.    Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"));

      7.    Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

      8.    Means and source of payment for such service (including any credit card or bank account number) and billing records.

      9.    Customer or subscriber account information for any account(s) linked by cookies, recovery email addresses, or telephone number to **Subject Account 4**.

    B.    <u>All records and other information (not including the contents of communications) relating to the Account, including</u>:

      1.    Records of user activity for each connection made to or from **Subject Account 4**, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

      2.    Information about each communication sent or received by **Subject Account 4**, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers); and

      3.    All available non-content header information for each communication sent to and from **Subject Account 4**.

      4.    iCloud backup settings.

      5.    The names of downloaded apps.

      6.    FaceTime call invitation logs.

      7.    iMessage capability query logs.

8.    Accounts associated by SMS number, recovery email, or creation IP address.

9.    Login error codes.

The Provider is hereby ordered to disclose the above information to the government within 10 days of issuance of this Order.